McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
CHANTAL R. JENKINS, PA SBN 307531
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8931
    Facsimile: (415) 744-0134
    E-Mail: Chantal.Jenkins@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| AMBER DAWN MERRIOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | 1:19-cv-00977-GSA<br><br>STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff Amber Dawn Merriott be awarded attorney fees and expenses in the amount of SIX THOUSAND FOUR HUNDRED DOLLARS AND 00 CENTS ($6,400.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action in accordance with 28 U.S.C. § 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the

1  assignment will depend on whether the fees are subject to any offset allowed under the United
2  States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered,
3  the government will determine whether they are subject to any offset.

4  Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines
5  that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to
6  be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff.  Any
7  payments made shall be delivered to Plaintiff's counsel.

8  This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA
9  attorney fees, and does not constitute an admission of liability on the part of Defendant under the
10 EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and
11 bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA
12 attorney fees in connection with this action.

13 This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security
14 Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated:  July 14, 2020

/s/ Stuart T. Barasch by Chantal R. Jenkins*
STUART T. BARASCH
As authorized *via* email on July 14, 2020
Attorney for Plaintiff

Dated: July 14, 2020

MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By:  /s/ Chantal R. Jenkins
CHANTAL R. JENKINS
Special Assistant United States Attorney

IT IS SO ORDERED.

Dated:   **July 15, 2020**                              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE